## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **SHOPSEE, INC.** | |
| **Plaintiff,** | **Civil Action No.  7:24-cv-333** |
| **vs.** | |
| **TIKTOK, INC.** | |
| **Defendant.** | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff ShopSee, Inc. ("ShopSee" or "Plaintiff") brings this action for patent infringement against TikTok, Inc. ("TikTok" or "Defendant"), and alleges as follows:

## THE NATURE OF THE ACTION

1.     This is a civil action for infringement under the patent laws of the United States, Title 35 of the United States Code. ShopSee seeks remedies for Defendant's willful infringement of U.S. Patent No. 11,134,316 (the "'316 Patent" or the "Asserted Patent"), attached as Exhibit 1, under 35 U.S.C. § 271.

2.     Defendant, through its TikTok platform, including the TikTok Shop, has built a prolific and multi-billion dollar business on the backbone of ShopSee's innovative technology, which is claimed by the '316 patent. Defendant's use of ShopSee's inventions and its willful infringement of the '316 patent has enabled Defendant to build an ecommerce empire that is the "new undisputed king of online shopping." *See* Lester Mapp, *There's a New King of Online Shopping, and It's Built an Unstoppable Monopoly*, ZDNET (Dec. 1, 2024, 10:45 AM),

https://www.zdnet.com/article/theres-a-new-king-of-online-shopping-and-its-built-an-unstoppable-monopoly/.

## THE PARTIES

3.      Plaintiff ShopSee, Inc. ("ShopSee") is a Delaware company with its principal place of business in Santa Barbara, California. ShopSee provides interactive computing solutions for online commerce, the medical field, and other applications, and owns  the Asserted Patent.

4.      Defendant TikTok, Inc. ("TikTok") is a California corporation with a regular and established place of business in Austin, Texas. At the time of filing, Defendant's agent for service of process in Texas is the Corporation Service Company, 211 East 7th Street, Austin, Texas 78701.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States of America, United States Code, Title 35, Section 1, et seq.  This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court also has personal jurisdiction over TikTok, because TikTok has regularly and systematically transacted business and continues to conduct business in the United States, in the State of Texas, and in this judicial district. TikTok has committed acts of infringement in Texas and in this judicial district by making, using, offering for sale, selling and/or importing into the United States, services, solutions, and systems that infringe upon the '316 Patent, and, on information and belief, by placing such infringing services, solutions, and systems into the stream of commerce with the awareness, knowledge, and intent that they would be used, offered for sale, or sold by others in this judicial district and/or purchased by consumers in this district. In doing so, TikTok has established minimum contacts in Texas such that the

exercise of jurisdiction over TikTok would not offend traditional notions of fair play and substantial justice as required to satisfy constitutional requirements of due process.

7.      This Court also has personal jurisdiction over TikTok in accordance with due process and/or the Texas Long Arm Statute because TikTok "recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state." Tex. Civ. Prac. & Rem. Code § 17.042(3).

8.      TikTok has a regular and established place of business in this District, has committed acts within this District giving rise to this action, and conducts business in this District, including selling, distributing, using, importing, and/or offering for sale to TikTok advertisers and customers infringing services, solutions, and systems in this District. TikTok maintains offices in this District, hires and maintains employees in this District, and conducts business in this District consistent with its substantial physical presence in this District. *See* Exhibit 2. For example, upon information and belief, TikTok has Executive Leaders in Austin, including Blake Chandlee, the President of Global Business Solutions at ByteDance/TikTok. Blake Chandlee, LINKEDIN, https://www.linkedin.com/in/blakechandlee/ (last accessed Dec. 16, 2024). Additionally, as of the time of filing, TikTok has 42 open job postings for the Austin office posted on its website, including for the positions of High Value Sales Representative, Retail Brand Partnerships Manager, and Advertising Policy Solutions Specialist. Exhibit 2. Upon information and belief, TikTok has more than 100 employees working in this district. *See* John Egan, *TikTok Chimes in with Plans to Hire Hundreds of Employees in Austin*, CULTUREMAP (Aug. 12, 2020, 3:02 PM), https://austin.culturemap.com/news/innovation/08-12-20-tiktok-hundreds-employees-in-austin-expansion-despite-trump/; Jeff Rumage, *Report: TikTok Leasing Large Office Space in Downtown Austin*, BUILTIN (Feb. 17, 2022), https://www.builtinaustin.com/articles/tiktok-leases-

austin-office.

9.      TikTok's presence in this district is so substantial that its  effort to "restructure [its] data storage methods, consolidate American TikTok user data, and store that data on servers located in the US" is code-named "Project Texas." Jada Jones, *TikTok CEO Updates on Project Texas, Says US User Data will be in Oracle's Hands Soon*, ZDNET (May 24, 2023, 9:21 AM), https://www.zdnet.com/article/tiktok-ceo-updates-on-project-texas-says-us-user-data-will-be-in-oracles-hands-soon/. On its website, TikTok discusses Project Texas, including as follows:



*About Project Texas*, TikTok U.S. Data Security, https://usds.tiktok.com/usds-about/ (last accessed Dec. 16, 2024).

10.    Texas-based companies advertise and/or sell their products through the infringing TikTok platform, including Fossil Group Inc. ("Fossil"). Fossil is a Texas corporation with a regular and established place of business in Richardson, Texas. Fossil advertises its jewelry on

TikTok, including on its TikTok Shop page. A snippet from one of Fossil's TikTok video advertising a product on the TikTok Shop is shown below:



Fossil, TɪᴋTᴏᴋ (Nov. 25, 2024), https://www.tiktok.com/@fossil/video/7441275266770455838?is_from_webapp=1&sender_devi ce=pc&web_id=7449118273113146896 (last accessed Dec. 17, 2024).

11.    Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and § 1400(b), at least for the reasons above, and because TikTok has committed acts of

infringement in this district and has a regular and established place of business in this district.

## FACTUAL BACKGROUND

### The Asserted Patent

12.    On September 28, 2021, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 11,134,316 (the "'316 Patent"), entitled "Integrated Shopping within Long-Form Entertainment," listing Charley Pavlosky, Traci Gilland, Tony Fannin, Eric Wickens, and John Patrick Wooton as the co-inventors. A true and correct copy of the '316 Patent is attached hereto as Exhibit 1.

13.    ShopSee is the owner of all rights, title and interest in the '316 Patent by assignment.

14.    Named co-inventor Charley Pavlosky began his career in the entertainment industry and was inspired by the constantly evolving and increasingly prevalent role of technology within that industry. Mr. Pavlosky worked with a team of innovators to develop novel and inventive video overlaying technologies to, among other uses, enable interactive and seamless shopping experiences within media entertainment.

15.    The inventors filed patent application No. 15/855,965 on December 27, 2017, which claims the benefit of U.S. Provisional Application Serial No. 62/439,520, filed December 28, 2016.

16.    The Asserted Patent discloses and claims these novel inventions.

17.    The '316 patent concerns a method, system, and computer readable media for providing interactive video layers within video media to enable user interaction during media entertainment. *See* Exhibit 1 at 1:12-15, 2:8-50. The patent provides various examples, ranging from a user watching a home improvement television program who is interested in purchasing a

power tool used in the show but lacks information about the tool, to a user who wants to purchase clothing the user sees on an actor in a TV show or movie, to a user who enjoys a song played during a movie and wants to learn more about the artist. *Id.* at 32:55-33:15, 33:58-34:10, 34:12-22. In each instance, the invention provides a software application that employs the claimed system or method to provide the user with information on items depicted in the video (such as the power tool, clothing, or songs/artists) as well as information about how to purchase or otherwise interact with the items (e.g., analyze reviews about the product, filter the type of clothing they are interested in, or purchase tickets to a concert). *Id.* The invention further provides additional media layers to make available additional capabilities to the user, such as a social media layer to discuss items with friends or view reviews on the product. *Id.* at 33:5-10, 34:5-10, 19-21.

18.    The patent explains that the claimed interactive video layers provide a technological improvement over the prior art, enabling a "seamless entertainment and marketing experience." *Id*. at 2:8-10. In particular, "[t]he unique method of generating several interactive video layers onto one platform can be integrated into an existing platform for online streaming," and the claimed "interactive video layers create a unique model for online advertising." *Id.* at 2:21-27. Through interaction with the video layers, users may "control their shopping experience without permanent interruption such as windows or prompts that other technology uses." *Id.* at 2:37-39. Unlike the prior art technology, "[w]hen the user makes a purchase by clicking or selecting the selectable visual indicator to an on position, the user is not directed to another web site; instead, the first interactive video layer is still on while video media is streaming content." *Id.* at 3:29-33. This means that "the user never leaves the video media and is able to purchase the item of interest while watching their television show or movie and the user continues to view more items of interest as the television show or movie plays." *Id.* at 3:33-37. In a similar fashion, the patent

teaches generating and employing a second interactive video layer that includes social media and "allows a user to interact with other users thereby eliminating the need for a second screen (such as a smart phone, tablet, or other personal device) for such an interaction while watching the television show, episode, movie, or other forms of media entertainment." *Id.* at 3:38-43.

19.    The claims of the '316 Patent are directed to a technological invention through creation of the interactive video layers. The specification describes the advancements the interactive video layers achieve over the prior art, which repeatedly interrupted users with windows and prompts. *See, e.g.*, *id*. at 2:32-39. The specification further explains that when a user selects the various visual indicators through the interactive video layers, they are not directed to another website; "instead, the first interactive video layer is still on while video media is streaming content." *Id.* at 3:29-33. This means that "the user never leaves the video media and is able to purchase the item of interest while watching their television show or movie and the user continues to view more items of interest as the television show or movie plays." *Id.* at 3:33-37.

20.    The claims target technological changes to allow users to engage in media entertainment without interruption (e.g., streaming services). It does so by reciting specific detail regarding how the video media is "processed" in order to generate the interactive video layers. *See, e.g.*, *id*. at cl. 1. This use of video media layer technology was not routine or conventional in the industry, particularly when combined with the claimed social media aspects. *See, e.g.*, *id.* at 3:26-67.

21.    Ultimately, the claimed technological advancement achieved through the interactive video layers enables multiple benefits to advertisers and media owners, such as increased merchandising revenue from user shopping, aggregation of user metadata, and cross-pollination of viewers thus creating a mass user/viewer experience further increasing advertising

revenues. *Id*. at 4:8-25. But while the problem solved by the invention impacts human behavior, the claims target technological changes to solve a technological problem rooted in computer technology by generating interactive video layers that allow a user to continue watching their show or movie while interacting with advertisements.

<b>TikTok and The TikTok Shop</b>

22.     Defendant makes, uses, offers to sell, sell and/or imports into the United States the TikTok platform, including the TikTok Shop, to "leverage the power of short-form video content and livestreaming to create an engaging and exiting shopping experience." *Why You Should Grow Your Business on TikTok Shop*, TikTok Shop Academy (June 25, 2024), https://seller-us.tiktok.com/university/course?identity=1&role=1&learning_id=4692562460034859&from=course&content_id=6482535875168046. A snippet from the TikTok Shop page follows:

## Creator

TikTok Shop allows creators to spotlight and promote products they love to their community, and activate new revenue streams.



**Quick & Seamless Experience**

Browse, select, and add products into short videos and LIVEs to start promoting in just a few taps.



**Earning and Growth Opportunities**

Get paid commission on your generated sales through our Affiliate Program, directly accessible on TikTok Shop.



**Accessible Partnerships with Brands**

Develop relationships and commercial collaboration opportunities with brands across all categories.



**Access to Top Products**

Explore best selling and creator favorites to feature directly in content by browsing the TikTok Shop Product Marketplace.

*TikTok Shop*, https://business.tiktokshop.com/us/seller (last accessed Dec. 16, 2024).

23.    Defendant touts that TikTok's Shoppable Videos, short-form videos with embedded product links that are plainly built upon ShopSee's invention, are the "most powerful way to sell on TikTok Shop" and that they are the "fastest way to drive traffic to your store." *Succeeding with Shoppable Video*, TikTok Shop Academy (Sept. 19, 2024), https://seller-us.tiktok.com/university/essay?identity=1&role=1&knowledge_id=1986107365607210&from=feature_guide. A snippet from the TikTok Shop page follows:

## Shopper

TikTok Shop inspires shoppers through entertainment, and guides them to discover brands and products they want to see most.



### Complete In-App Experience

Shop through LIVEs, engaging in-feed videos, or by tapping the shop icon on a brand or creator profile, and checkout directly within TikTok.



### Authentic Recommendations

Discover new brands and products recommended by the TikTok community.



### Safe & Seamless Shopping

Shop within a trustworthy and seamless shopping experience that is fun and entertaining, from discovery straight through to secure checkout.



### Exclusive Offers

Enjoy the excitement of discovering exclusive products, and amazing deals and promotions.

*TikTok Shop*, https://business.tiktokshop.com/us/seller (last accessed Dec. 16, 2024).

24.    Defendant instructs sellers, advertisers, and/or buyers to build Shoppable Videos such that they include product links that are clickable by TikTok users, thus capitalizing on the innovation of the '316 patent and instructing sellers, advertisers, and/or buyers to use TikTok, including the TikTok shop in a manner that infringes. *See [Video] A Guide to Shoppable Video*,

TikTok Shop Academy (Nov. 7, 2023), https://seller-us.tiktok.com/university/essay?identity=1&role=1&knowledge_id=2969056891488042&from=feature_guide. An image from the TikTok Shop page follows:



*TikTok Shop*, https://business.tiktokshop.com/us/seller (last accessed Dec. 16, 2024).

25.    Defendant even offers to auto-generate Shoppable Videos for TikTok users, such that sellers and buyers simply select their product and add keywords, after which Defendant's software generates a video that allows users to click product links while viewing the video, thus infringing the '316 patent. *See Succeeding with Shoppable Video*, TikTok Shop Academy (Sept. 19, 2024), https://seller-us.tiktok.com/university/essay?identity=1&role=1&knowledge_id=1986107365607210&from=feature_guide.

26.    Defendant has been highly successful in attracting U.S. consumers to TikTok, including the TikTok Shop, by infringing the '316 patent. Upon information and belief, during

the 2023 holiday season, over 5 million new U.S. customers purchased a product via the TikTok Shop. Aisha Malik, *TikTok Aims to Grow its TikTok Shop US Business Tenfold to $17.5B in 2024, Report Claims*, TECHCRUNCH (Jan. 4, 2024, 8:24 AM), https://techcrunch.com/2024/01/04/tiktok-aims-grow-tiktok-shop-u-s-business-tenfold-17-5b-2024/.

27.    Upon information and belief, the TikTok Shop projected $17.5 billion in sales in 2024 using the claimed technology in the '316 patent, and as of July 2024, TikTok took a commission of 8% on most sales. *See id.*; Jon Quincy, *TikTok Shop Says Goodbye to Super Low Prices*, TECH TIMES (April 1, 2024, 11:03 AM), https://www.techtimes.com/articles/303120/20240401/tiktok-shop-goodbye-super-low-prices.html.

28.    Defendant's success in ecommerce has become so prolific through infringement of the '316 patent that the TikTok Shop has been dubbed "the new undisputed king of online shopping" that has "built an unstoppable monopoly." *See* Lester Mapp, ZDNET (Dec. 1, 2024, 10:45 AM), https://www.zdnet.com/article/theres-a-new-king-of-online-shopping-and-its-built-an-unstoppable-monopoly/.

29.    Further, upon information and belief, Defendant not only uses the claimed technology to generate revenue through sales in the TikTok Shop, but also to generate revenue through advertising agreements with ecommerce businesses. Upon information and belief, Defendant also uses the claimed technology to increase overall revenue and user engagement through its feature allowing users to link songs to their video content.

**Defendant's Willful Infringement**

30.    Defendant knows about ShopSee's Asserted Patent and that its products and

services infringe and continues to infringe despite this knowledge. Before filing this lawsuit, ShopSee, through its outside counsel, put TikTok on notice of the '316 patent and its ongoing patent infringement. Specifically, ShopSee sent letters providing notice of infringement of the '316 patent to TikTok's CEO, Shou Zi Chew, and Commercial Counsel and IP Legal Counsel in Austin, Michael Pascua.

31.    Despite Defendant's knowledge of the Asserted Patent, upon information and belief, Defendant continues to knowingly and willfully infringe the patent at least by making, using, offering to sell, and/or selling the TikTok platform, including the TikTok Shop, and at least by instructing TikTok Shop sellers, advertisers, and/or buyers to use the TikTok platform in an infringing manner. Upon information and belief, after learning of the Asserted Patent, Defendant has not made any changes to TikTok or the TikTok Shop to avoid infringement, nor has TikTok sought a license to use the patented technology. Defendant's knowing, deliberate and/or intentional infringement of the Asserted Patent is thus egregious, willful, and/or in bad faith.

## COUNT I: INFRINGEMENT OF THE '316 PATENT

32.    ShopSee incorporates by reference the allegations set forth in preceding paragraphs 1 through 31 as though fully set forth herein.

33.    Defendant has directly and indirectly infringed, and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the '316 patent, by making, using, offering to sell, selling, and/or importing into the United States, without authority or license, the TikTok platform, including the TikTok Shop, in violation of U.S.C. § 271.

34.    For example, the TikTok platform, including at least the TikTok Shop, meets all the limitations of at least claim 18 of the '316 patent, which recites:

A computer implemented system comprising: at least one processor, an operating

system configured to perform executable instructions, a memory, and a computer program including instructions executable by the digital processing device to create an application for providing information on items, services, or songs in a video media, the application comprising:

a) a software module for receiving a request for the generation of information regarding items, services, or songs presented in a video media from a first processing device of a user;

b) a software module for linking the items, services, or songs with marketing and/or purchasing information;

c) a software module for the generation of a first interactive layer to display with the video media, wherein said first interactive layer contains the items, services, or songs of interest linked to the marketing and/or purchasing information;

d) a software module for the generation of a second interactive layer to display with the video media and optionally the first interactive layer, wherein the video media, the first interactive layer, and the second interactive layer are configured to be provided to user via the first processing device and to at least one guest via a second processing device, wherein the second interactive layer contains a social media portion controllable by the user via the first processing device, so as to interact with the at least one guest that is also a viewer of the video media through an interface displayed in the second interactive video layer via the second processing device, wherein an interaction between the user and the at least one guest, and past interaction activity between a plurality of users in the social media portion, are displayed in the interface in the second interactive video layer, and wherein the user

is capable of maintaining and toggling between a plurality of different conversations displayable in the social media portion in the second interactive video layer as an overlay to the video media displayed by the first processing device, wherein the plurality of users either includes the user or does not include the user; and

e) a software module for transmitting the first and second interactive layers to the first processing device of the user.

35.    Defendant's manufacture, use, offer to sell, and/or sale of the TikTok platform, including the TikTok Shop, in the United States infringes the '316 patent under 35 U.S.C. §271(a).

36.    Defendant's customers directly infringe the '316 patent by using the TikTok platform, including the TikTok Shop.

37.    Defendant actively induces infringement of the '316 patent by encouraging its customers to use the TikTok platform, including the TikTok Shop with knowledge that the induced acts constitute patent infringement and/or with willful blindness to infringement, in violation of 35 U.S.C. § 271(b). Upon information and belief, Defendant's inducing acts include marketing the TikTok platform, including the TikTok Shop and instructing and encouraging its customers to use the TikTok platform, including the TikTok Shop in an infringing manner.

38.    Defendant has known of the '316 patent and of its infringement prior to this litigation, and is further on notice through this lawsuit. Defendant's knowledge of the '316 patent, together with its knowledge about the design and operation of the TikTok platform, including the TikTok Shop, gave Defendant knowledge that its customers' and advertisers' use of the TikTok platform, including the TikTok Shop, constitutes patent infringement, because the language of the '316 patent claims plainly reads upon at least the TikTok Shop.

39.     Defendant is not licensed under the '316 patent.

40.     ShopSee has been damaged and will continue to be damaged by Defendant's infringement of the '316 patent.

41.     ShopSee has suffered and will continue to suffer irreparable harm unless and until Defendant's infringing activities are enjoined by this Court. ShopSee does not have an adequate remedy at law.

42.     Despite Defendant's knowledge of the '316 patent and of its infringing activities, Defendant has continued to manufacture, use, offer to sell, and/or sell the TikTok platform, including the TikTok Shop. Defendant's infringement of the '316 patent has been willful, making this an exceptional case and entitling ShopSee to an award of increased damages under 35 U.S.C. § 284 and attorney's fees under at least 35 U.S.C § 285.

## PRAYER FOR RELIEF

WHEREFORE, ShopSee prays for a judgment that:

A.  Defendant have infringed and, unless enjoined, will continue to infringe the '316 patent;

B.  Enjoins Defendant and its officers, agents, servants, and employees from further infringement of the '316 patent;

C.  Awards ShopSee damages adequate to compensate for Defendant' infringement of the '316 patent, including an accounting and/or supplemental damages for any infringing sales not presented at trial and through final judgment, together with pre-judgment and post-judgment interest as allowed by law, and other damages permitted under 35 U.S.C. § 284;

D.  Declares that this is an exceptional case under 35 U.S.C. § 285;

E.  Awards increased damages and attorneys' fees for Defendant' willful infringement;

F.  Awards pre-judgment and post-judgment interest and costs; and

G.  Awards such other and further relief as this Court deems just and proper.

## JURY DEMAND

ShopSee hereby demands trial by jury on all issues so triable.

Date: December 17, 2024

Respectfully submitted,

*/s/ Jeff Homrig*

**LATHAM & WATKINS LLP**
Jeff Homrig (TX Bar No. 24129988)
Heather Haynes (TX Bar No. 24136895)
300 Colorado St., Suite 2400
Austin, TX 78701
Telephone: (737) 910-7300
Facsimile: (737) 910-7301
jeff.homrig@lw.com
heather.haynes@lw.com

*Counsel for Plaintiff ShopSee, Inc.*