IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **SHOPSEE, INC.,**<br><br>  Plaintiff,<br><br>vs.<br><br>**TIKTOK INC.,**<br><br>  Defendant. | **Civil Action No. 7:24-cv-00333-DC-DTG** |

### ORDER ON DISCOVERY DISPUTE

Before the Court is a venue discovery dispute submitted by Defendant TikTok Inc., related to TikTok's discovery requests seeking a deponent from Plaintiff ShopSee, Inc. to testify on venue-related topics. On June 2, 2025, the undersigned held a hearing on this dispute. The Parties' respective positions and the Court's rulings are as follows.

#### Defendant's Position

*Argument*: ShopSee chose to sue in WDTX although it is located in California (Dkt. 1, ¶ 3) and has no "substantial connection[s] to Texas or this District" (EX1, 6). To justify its choice during the meet and confer, ShopSee argued its connections were not concentrated in California but dispersed throughout the country. Yet, ShopSee is now refusing to allow TikTok to challenge that theory, citing ShopSee's lack of connections to *Texas*. But TikTok should still be allowed to depose a ShopSee witness on the extent and concentration of ShopSee's connections to *California*. *See Valeo v. Fed.-Mogul*, 2013 WL 8480673, *4 (WDTX 2013) (granting transfer based on plaintiffs' connections to transferee venue). TikTok's 30(b)(6) topics (EX1) target such testimony, covering the location where ShopSee conceived, developed, and

1

commercialized its patent, the location of entities relevant to damages, and other topics relevant to venue. TikTok also served a 30(b)(1) notice (EX6) on Charley Pavlosky (ShopSee's named inventor, founder, CEO, and one of just two employees) regarding venue.

ShopSee's lack of "substantial connection[s] to Texas or this District" (EX1) does not negate TikTok's right to venue discovery. If most of ShopSee's development and commercialization efforts occurred in California, that favors transfer. Same if Mr. Pavlosky, who resides in California, is ShopSee's most important witness; most of ShopSee's evidence is in California; and relevant third parties from ShopSee's past are in California. ShopSee may disagree with these characterizations, but TikTok is entitled to test them via deposition.

ShopSee's refusal to present a single deponent also stands in stark contrast to TikTok's willingness to make three deponents available.

ShopSee cannot demand venue discovery but then refuse to reciprocate. In *Arigna v. Google*, 2022 WL 2055286 (WDTX 2022), plaintiff wanted to depose defendant but refused to reciprocate because it had "no offices, no documents, no evidence, and no other connections" to WDTX. *Id.* *2. Judge Albright rejected that argument. ShopSee's refusal is also based on lacking "substantial connection[s]" to WDTX (EX1, 6) and should also be rejected.

ShopSee argues TikTok's 30(b)(6) notice, which was timely served on 4/11, is ineffective because the proposed deposition date (5/8) is after close of venue discovery (5/7), which was a simple mistake due to a mismatch between the filing date of the sealing motion (Dkt. 22) and the entry date of the sealed motion (Dkt. 25). But the parties recognized that venue depositions can occur after 5/7, including agreeing "TikTok may seek to depose ShopSee and/or ShopSee declarants after receiving ShopSee's Response to TikTok's Motion to Transfer" (Dkt. 30, 3-4) and ShopSee deposing a TikTok witness on 5/13 (Dkt. 48). Plus, unlike in ShopSee's *Herrera* decision, ShopSee did not move to quash TikTok's 30(b)(6) notice.

Moreover, TikTok's 30(b)(1) deposition notice to Mr. Pavlosky is timely. TikTok served the notice on 5/2, the day after ShopSee refused to present a 30(b)(6) deponent, and proposed a 5/7 deposition date. Both dates are within the venue discovery period. Also, 5-days-notice is reasonable here, including because timelines for venue discovery are "reduced" under OGP §V.

***Relief Requested***: ShopSee should be ordered to produce a deponent to testify on venue-related topics. This can be either (1) Charley Pavlosky subject to TikTok's 30(b)(1) notice, or (2) a corporate witness subject to TikTok's venue-related 30(b)(6) notice.

### Plaintiff's Position

***Argument***: Venue discovery opened 3/6/25 and closed 5/7/25. Dkt. 27. Yet, TikTok's 30(b)(6) notice set a deposition date ***after the close of venue of discovery***. "Notices served before the discovery deadline that purport to schedule depositions after the discovery deadline ***will not be enforced***." Local Rule CV-16(e) (emphasis added); *see Solis v. Crescent Drilling and Prod., Inc.*, 2022 WL 396096, *2 (WDTX 2022); *Herrera v. Werner Enters., Inc.*, 2015 WL 12907462, *2 (WDTX 2015). TikTok offers no justification for failing to comply with the rules. First, ShopSee preserved its timeliness objection in General Objection No. 4. EX1. Second, the *only* deposition the parties agreed to take out of time was for an unavailable TikTok witness, which TikTok requested be taken out of time. EX2.

TikTok's 30(b)(1) notice to Charley Pavlosky—***three business days before the close of venue discovery***—is likewise facially unreasonable. "[C]ourts within the Fifth Circuit have held that at least ten days is normally required [for noticing a 30(b)(1) deposition]." *Duhaly v. Cincinnati Ins. Co.*, 2019 WL 3202307, *1 (SDTX 2019) (collecting cases). Having named Mr. Pavlosky in its motion, TikTok had ample opportunity to request testimony with reasonable notice.

TikTok fares no better on the merits. TikTok's assertion that ShopSee should make a

witness available because TikTok offered deponents for its three declarations is unavailing. The cited *Valeo* case explains that "the bulk of relevant evidence usually comes from the accused infringer," thus making the location of defendant's documents particularly relevant. *Valeo*, at *4. It is unsurprising that TikTok would produce more discovery than ShopSee to support *TikTok's* motion to transfer *for convenience*.

TikTok remains unable to identify any information in dispute requiring a deposition on venue. TikTok's cited case is inapposite. In *Arigna v. Google*, Arigna disclosed an agreement with a prior assignee in California which required cooperation in the case, and Google had agreed to limit its deposition to three hours. Here, ShopSee has represented that it is not aware of any licensees in California or Texas. EX3, 2.

TikTok's suggestion that it is entitled to probe whether Mr. Pavlosky is "ShopSee's most important witness" conflicts with its own objections that such questioning invades privilege. EX4, 12. That TikTok intends to ask whether "most of ShopSee's evidence is in California" makes little sense given that Mr. Pavlosky is only one of five named inventors. ShopSee has adequately identified the location of its personnel and inventors in its discovery responses. EX5, 7-8. ShopSee has also stated that it has no former employees in Texas or California. EX3, 2. ShopSee sought clarification of "relevant third parties" but TikTok provided none, making it impossible to prepare a witness. *Id*.

TikTok's fishing expedition is not tied to factual disputes related to venue. TikTok instead seeks information that is not proper venue discovery, including for example, whether ShopSee has a practicing product, licensees, and valuations. To the extent TikTok is permitted to ask such questions now, ShopSee respectfully requests the time count towards TikTok's 70-hour deposition limit for fact discovery

**Relief Requested**: Find that TikTok's request for a deposition of ShopSee or its CEO and

inventor after the deadline for venue discovery should be denied, because TikTok's 30(b)(6) and 30(b)(1) notices are facially invalid, and prematurely seek fact discovery.

## **ORDER**

After considering the Parties' respective position statements submitted to the Court by email on May 14, 2025, and oral argument during a Zoom hearing held on June 2, 2025, TikTok's requested relief is **DENIED** as untimely and not proportional to the needs of the case. SIGNED this 12th day of June, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

5